NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  ADDISA JAHRUSALEM FRANCIS, aka Jacqueline Dennis,**
*Petitioner*

---

2021-184

---

On Petition for Writ of Mandamus to the United States Court of Federal Claims in No. 1:20-cv-02081-MMS, Senior Judge Margaret M. Sweeney.

---

**ON PETITION**

---

PER CURIAM.

## O R D E R

Addisa Jahrusalem Francis, aka Jacqueline Dennis, petitions for a writ of mandamus for an "All Writs remedy to complaint."  ECF No. 2 at 1.  We consider whether Ms. Francis' petition should be construed as a notice of appeal.

Ms. Francis' operative complaint at the United States Court of Federal Claims appears to raise, among other things, challenges to her and her husband's criminal convictions and demands for reparations from the United States.  On July 28, 2021, the Court of Federal Claims granted the government's motion to dismiss for lack of

jurisdiction and entered judgment.  This petition followed on August 26, 2021.

In order to appeal a judgment of the United States Court of Federal Claims, the party seeking appeal must file notice that sets forth (1) the party taking the appeal, (2) the judgment, order, or part thereof being appealed, and (3) the name of the court to which the appeal is taken.  Fed. R. App. P. 3(c).  Ms. Francis' petition meets these requirements.  In addition, her petition is timely if treated as a notice of appeal.  *See* Fed. R. App. P. 4(a)(1)(B).

We conclude that the petition should be construed as a timely notice of appeal, and thus mandamus relief is not appropriate.  *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 309 (1989) (holding that a party seeking a writ bears the burden of proving that it has no other means of attaining the relief, such as by appeal); *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953) (stating "whatever may be done without the writ may not be done with it").

Accordingly,

IT IS ORDERED THAT:

The petition is denied because the matter is treated as a timely notice of appeal consistent with Rule 4(d) of the Federal Rules of Appellate Procedure.  The Clerk of the Court is directed to process the petition as such a notice.

FOR THE COURT

| | |
|---|---|
| November 23, 2021 | /s/ Peter R. Marksteiner |
| Date | Peter R. Marksteiner |
| | Clerk of Court |

s35